837 F.2d 1091
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
INTERNATIONAL UNION, UNITED AUTOMOBILE AEROSPACE &
AGRICULTURAL IMPLEMENT WORKERS OF AMERICA-UAW; Local No.
625 International Union, United Automobile, Aerospace &
Agricultural Implement Workers of America-UAW; Helen Fritz,
for herself and for all persons similarly situated; John
Pustai, for himself and for all persons similarly situated,
Plaintiffs-Appellants,
v.
CLEVELAND GEAR COMPANY; Eaton Corporation; Vesper
Corporation; Insurance Plan for Hourly Employees
for UAW Divisions of Cleveland Gear
Company, Defendants-Appellees.
 No. 86-3981.
 United States Court of Appeals, Sixth Circuit.
 Jan. 28, 1988.
 
 Before BOYCE F. MARTIN, Jr., and RALPH B. GUY, Jr., Circuit Judges; and JOHNSTONE,* Chief District Judge.
 PER CURIAM.
 
 
 1
 A group of former employees of Cleveland Gear Company, who are members of the United Automobile Aerospace & Agricultural Implement Workers of America, etc., appeal a judgment granted in favor of their former employer. The district court held that the action in which they seek continued insurance coverage was barred because of the doctrine of res judicata.
 
 
 2
 This dispute arises from the decision of Cleveland Gear to reduce the levels of life insurance benefits and to reduce and eliminate medical insurance benefits for retirees upon the termination of the parties' collective bargaining agreement. The Union alleged in a suit brought in 1983 that the retirees had been promised unchanged health and life insurance benefits for life, and that Cleveland Gear's reduction of those benefits, effective February 16, 1983, violated the collective bargaining and insurance agreements between the Union and Cleveland Gear. The district court rejected that argument, and this court affirmed the judgment. (Case No. 83-3839, slip op. (6th Cir. October 24, 1984) (Merritt, J.)).
 
 
 3
 While affirming the district court, we also held that "our decision is without prejudice to any action based on a theory of recovery other than under the two contracts at issue and therefore is without prejudice as to any proceedings that may be initiated under Rule 15, F.R.Civ.P., or otherwise." We reiterated again at the conclusion of our opinion that this decision was "limited to whether the language of these two agreements created any vested rights."
 
 
 4
 Two years after this decision, the Union filed a new complaint in which it alleged that their retirees had been promised unchanged benefits as an inducement to their retirement, thus creating the basis for a promissory estoppel claim. In response to a motion for summary judgment by Cleveland Gear, however, the district court ruled that this 1986 action was barred under the doctrine of res judicata because, like the claims in the 1983 action, these claims were ultimately founded upon the collective bargaining and insurance agreements. On appeal, the Union argues that the district court erred in applying the res judicata bar to the issues raised in this complaint.
 
 
 5
 While we believe the law is well established that "a judgment on the merits operates as a bar to the later suit, even though a different legal theory of recovery is advanced in a second suit," we do not believe that concludes the inquiry here. Harrington v. Vandalia-Butler Bd. of Educ., 649 F.2d 434, 437 (6th Cir.1981). In our 1984 opinion, we explicitly held that our decision was "without prejudice" to any claims that might be raised by the Union not based on the written contracts at issue there. We believe there is no bar effect on a later claim when an earlier judgment is stated to be without prejudice as to those matters.
 
 
 6
 This court disagrees with Cleveland Gear's argument that the Union, in its 1986 action, did no more than change its legal theory of recovery. We believe the Union's complaint, particularly the third cause of action, can be interpreted as raising a claim of promissory estoppel based on oral promises made by Cleveland Gear and Eaton. This raises issues, questions of fact, and legal determinations not yet addressed by any court. Unlike the claims considered in 1984, this particular claim is not founded upon the documents constituting the collective bargaining and insurance agreements.
 
 
 7
 Because we find the Union's 1986 complaint is based, in part, on a different set of legal terms and operative facts, we conclude that this action is not barred by the doctrine of res judicata. We believe this court intended in 1984 for this suit to be allowed to go forward.
 
 
 8
 Accordingly, the decision of the district court granting summary judgment is reversed.
 
 
 
 *
 Chief Judge Edward H. Johnstone, U.S. District Court, Western District of Kentucky, sitting by designation